# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

CRAIG CORDELL FRANKLIN, )
)
      Plaintiff, )
)
v. ) Case No. CIV-15-1371-R
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
      Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff, Craig Cordell Franklin, seeks judicial review of the Social Security Administration's denial of disability insurance benefits (DIB) and supplemental security income (SSI). This matter has been referred by United States District Judge David L. Russell for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.

## I. Procedural Background

On May 1, 2012, Plaintiff protectively filed applications for DIB and SSI. *See* Administrative Record (AR) [Doc. No. 16], 12, 23. The Social Security Administration (SSA) denied the applications initially and on reconsideration. AR 78-81. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated May 19, 2014. AR 9-27. The Appeals Council denied Plaintiff's request for review. AR 1-6. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

## II.  The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since May 1, 2012, his alleged onset date. AR 14-15.

At step two, the ALJ determined Plaintiff suffers from disorders of the lumbar spine with chronic low back pain and radiculopathy, obstructive sleep apnea, hypertension, and morbid obesity. AR 15. At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 17-18.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform "sedentary work" . . . except that claimant can only: occasionally climb ramps and stairs, balance, and stoop; never kneel, crouch, crawl, and climb ropes, ladders, or scaffolds; must avoid concentration exposure to vibration; must avoid all exposure to workplace hazards such as dangerous moving machinery and unprotected heights; may require the use of a one-handed assistive device when ambulating; and can sit for about thirty (30) minutes at any one time before having to stand briefly at the workstation for less than five (5) minutes.

AR 19-21.[1] The ALJ determined Plaintiff was unable to perform his past relevant work as a truck driver. AR 21. Relying on the testimony of a vocational expert (VE), the ALJ found Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. AR 21-22. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 23.

---

[1] *See* 20 C.F.R. §§ 404.1567(a), 416.967(a) (setting forth requirements for sedentary work).

### III. Issue Presented for Judicial Review

Plaintiff raises a single issue for judicial review—he challenges the ALJ's credibility analysis in step four. Pl.'s Opening Brief (Pl.'s Brf.) [Doc. No. 20], 10-14.[2] Specifically, Plaintiff contends the ALJ erred in the analysis of Plaintiff's symptoms as established by his testimony regarding bending, stooping, and falling; Plaintiff's daily activities; Plaintiff's objective abnormalities; Plaintiff's medications and treatments for pain; and Plaintiff's work history and attempts to work. *See* Pl.'s Brf. at 13-16.

For the reasons set forth below, it is recommended that the ALJ's decision be affirmed. Indeed, to the extent the ALJ erred in his credibility analysis, as alleged by Plaintiff, such error was harmless.

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable

---

[2] Page references to briefs are to the CM/ECF page number.

rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V.     Analysis

### A. Standards Governing the ALJ's Credibility Determination

Credibility determinations by the trier of fact are given great deference. As the Tenth Circuit has acknowledged:

> The ALJ enjoys an institutional advantage in making [credibility determinations]. Not only does an ALJ see far more social security cases than do appellate judges, [the ALJ] is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion.

*White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002). An ALJ's assessment of a claimant's credibility will "not be upset if supported by substantial evidence." *White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001). When making a credibility determination, the ALJ must give specific reasons that are closely linked to substantial evidence. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *see also Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004)*;* *Berryhill v. Barnhart*, 64 F. App'x 196, 198-99 (10th Cir. 2003) (unpublished); *Gonzales v. Barnhart*, 54 F. App'x 294, 295 (10th Cir. 2002) (unpublished).

In addition to the objective medical evidence, the following factors must be considered by the ALJ when evaluating a claimant's credibility:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96–7p, 1996 WL 374186, at *3; *see also* 20 C.F.R. § 404.1529(c); *Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004). On judicial review, however, "common sense, not technical perfection" governs whether the ALJ complied with these requirements. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

### B. The ALJ's Credibility Findings

#### 1. Application of SSR 96-7p and SSR 16-3p

The parties disagree as to whether SSR 96-7p or SSR 16-3p should apply to this case. SSR 16-3p is a social security ruling which superseded SSR 96-7p when it became effective on March 28, 2016—after the ALJ reached his decision. Plaintiff urges the Court to apply SSR 16-3p, while Defendant asks the Court to apply SSR 96-7p. Pl.'s Brf. 10, n. 6; Brief in Supp. of Comm'rs Decision (Def.'s Brf) [Doc No. 24], 13-14. The Tenth Circuit, however, has not addressed whether SSR 16-3p applies retroactively.

The stated purpose of the new ruling is to no longer use the term "credibility" so as to remain consistent with social security regulations, which do not use the term, and to clarify that an evaluation of symptoms is not a character evaluation. *See* SSR 16-3p, 2016 WL 1119029, at *1. Plaintiff's allegations, however, do not stem from a character evaluation. Instead, Plaintiff cites 16-3p in support of the proposition that the ALJ is supposed to explain which alleged

5

symptoms are consistent with the evidence and how his evaluation led him to his conclusion regarding the RFC determination. *See* Pl.'s Brf. 11, 13-16. This argument, however, is not inconsistent with SSR 96-7p, which states that an ALJ must consider the individual's statements, medical reports, and other information and "then evaluate all of this information and draw appropriate inferences and conclusions about the credibility of the individual's statements." SSR 96-7p, 1996 WL 374186, at *5;[3] *see also id.* at *1 (stating that the ALJ "must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record").

Because both SSR 96-7p and SSR 16-3p require the ALJ to draw conclusions supported by the evidence, the Court does not see a meaningful distinction between the two rulings as they relate to this matter. As such, the Court's analysis would be the same under either ruling.

### 2. Stooping and Climbing Stairs and Ramps

Plaintiff testified that he could not stoop or bend and that he avoided the use of stairs due to a risk of falling, and he contends that the formulation of the RFC, which permitted occasional stooping as well as climbing ramps or stairs, was erroneous. Pl.'s Brf. 15. With regard to climbing ramps or stairs, Plaintiff argues that the ALJ relied on his October 2013 report of no further falls to his medical provider, AR 21, but did not consider Plaintiff's December 2013 testimony that he had fallen twice within the previous month. Pl.'s Brf. 15. The only other reference to falls in the ALJ's RFC analysis was that Plaintiff testified that he "has fallen," about which the ALJ provided no specifics. AR 19. Plaintiff's testimony regarding falls, however, was more specific and directly tied to climbing; he testified that he took a fall going up stairs and coming down stairs, and that he tries to stay away from steps. AR 42. He also testified that he

---

[3] Although the new ruling focuses on "consistency" instead of "credibility," the two rulings are similar in that they require the ALJ to undergo the same process to reach his conclusion.

had fallen twice during the previous month. *Id.* While acknowledging that Plaintiff testified that he had fallen, the ALJ did not directly attribute Plaintiff's falls to climbing stairs, as Plaintiff did in his testimony, or the fact that they had occurred within the month prior to the hearing. As discussed below, that the ALJ made a specific finding that Plaintiff could climb stairs is problematic in conjunction with the fact that the decision did not take into account Plaintiff's testimony that his falls had resumed after the October 2013 visit with his medical provider and that the falls were directly related to climbing stairs.

With regard to stooping and bending, the ALJ made a specific finding that Plaintiff could occasionally stoop. AR 19. While the ALJ acknowledged Plaintiff's testimony that he could not bend, AR 19, the decision did not address Plaintiff's more specific testimony that he could not bend over and put on his socks, that he needed help putting on his shoes, and that he used a reaching device because he could not bend over to pick items up. AR 46, 48-49. The ALJ does not otherwise address stooping or bending in his RFC analysis, and he does not refute Plaintiff's testimony. AR 19-21. As discussed below, the ALJ's specific finding that Plaintiff could stoop is likewise problematic in conjunction with the ALJ not taking into account Plaintiff's testimony regarding his inability to do so.

An ALJ "must discuss . . . significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). Although a "formalistic factor-by-factor recitation of the evidence" is not required, the ALJ must set forth specific evidence he relies on in evaluating a claimant's credibility. *Keyes-Zachary*, 695 F.3d at 1167; *see also Kepler*, 68 F.3d at 390 ("[T]he claimant is entitled to have his nonmedical objective and subjective testimony of pain evaluated by the ALJ and weighed alongside the medical evidence."). The ALJ did not present any specific evidence either supporting or refuting Plaintiff's falls while climbing stairs or his

7

inability to stoop. Therefore, the ALJ's specific findings that Plaintiff could occasionally climb stairs and ramps and occasionally stoop are not supported by substantial evidence.

These errors, however, are harmless. The ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform: addresser, surveillance systems monitor, and food and order clerk. AR 21-22. The Dictionary of Occupational Titles (DOT) descriptions for each of these occupations state that climbing and stooping are "not present" in such occupations. *See* DICOT, 209.587-010, 1991 WL 671797; DICOT 379.367-010 1991 WL 673244; DICOT, 209.567-014, 1991 WL 671794. Although the hypothetical posed to the VE regarded an individual who could perform occasional stooping and climbing ramps and stairs, AR 58, the jobs about which the VE testified require no climbing or stooping. AR 58-59. Therefore, even if the ALJ would have found that Plaintiff could not climb stairs or ramps at all when considering the testimony addressed above, the error is harmless because the three occupations which the VE testified Plaintiff could perform do not require climbing or stooping. *See Duncan v. Colvin*, 608 F. App'x 566, 577 (10th Cir. 2015) (unpublished) (finding error harmless when hypothetical posed to the VE did not contain a limitation that was included in the RFC because two of three jobs the VE testified plaintiff could perform were consistent with the restriction); *Chrismon v. Colvin*, 531 F. App'x 893, 899-900 (10th Cir. 2013) (unpublished) (finding harmless error when ALJ did not pose his own restriction to the VE when two of the four jobs identified by the VE were consistent with the restriction). As such, reversal is not warranted on this ground.

### 3. Activities of Daily Living

Plaintiff also contends the ALJ erred by not listing all of his activities of daily life and by not sufficiently linking the activities he did reference to the conclusion that his alleged symptoms

8

were not entirely credible. The ALJ, however, specifically referenced that Plaintiff's pain management doctor did not place any activity restrictions in the record and that Plaintiff's primary care physician encouraged exercise. AR 20. Therefore, the ALJ addressed Plaintiff's daily activities and presented evidence from Plaintiff's treating medical providers which cast doubt on the symptoms alleged by Plaintiff. Because the ALJ presented the evidence upon which he relied with regard to his credibility finding, the Court finds no error in the credibility analysis. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) ("So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility," the requirement that an ALJ link his credibility findings to the evidence is "satisfied.").

Plaintiff also contends the ALJ erred by not referencing some of the daily activities about which Plaintiff testified. Pl.'s Brf. 13-14. The ALJ is required to consider all of the evidence presented, 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), and Plaintiff does not argue that the ALJ failed to do so. Instead, Plaintiff contends the ALJ should have addressed (in the decision) his testimony that he did not perform household chores or yard work, that he used a motorized cart when accompanying his wife grocery shopping, and that he could perform several activities while sitting and lying down. Pl.'s Brf. 13-14. The ALJ, however, is not required to state in the decision every limitation on every daily activity reported by Plaintiff.[4] Furthermore, Plaintiff's allegation that the discussion of the daily activities did not establish that "they were inconsistent with his reportedly disabling pain or that [his pain] was not credible," *Id.* at 13, is simply an

---

[4] Indeed, one district court has noted that "such a requirement would force ALJs to produce decisions rivaling the remainder of the administrative record in length, and would make an already time-consuming process virtually interminable." *Patterson v. Colvin*, No. CV 14-1312-JWL, 2015 WL 8375132, at *12 (D. Kan. Dec. 9, 2015), *aff'd*, No. 16-3029, 2016 WL 6994204 (10th Cir. Nov. 30, 2016).

9

effort to have the Court reweigh the evidence, which it cannot do. *See Bowman*, 511 F.3d at 1272.

### 4. Plaintiff's Objective Abnormalities

Plaintiff further contends the ALJ did not explain how Plaintiff's decreased lumbar mobility with tenderness, left leg muscle weakness, positive straight leg raise testing, altered posture and gait, and lower extremity sensory loss factored into the assessment of his symptoms. Pl.'s Brf. 14. The ALJ, however, specifically considered Plaintiff's gait abnormality in conjunction with Plaintiff's allegations when he found Plaintiff could only perform sedentary work. AR 20. The ALJ also addressed Plaintiff's leg strength and decreased sensation in his legs. *Id.* The objective findings of radiculopathy, level III obesity, and sleep apnea were also explicitly considered by the ALJ along with Plaintiff's pain in finding that light work was too exertional. *Id.* Thus, Plaintiff's contention is without merit. Indeed, as reflected in the record, the ALJ addressed specific evidence regarding Plaintiff's objective abnormalities and how they were incorporated into the RFC determination. This analysis, therefore, is sufficient. *See Qualls*, 206 F.3d at 1372 (finding an ALJ's analysis not inadequate when he stated the "specific evidence he relied on in determining that plaintiff's allegations of disabling pain were not credible").

In furtherance of his position, Plaintiff also takes issue with the ALJ's reliance on a December 2012 MRI report because the ALJ's decision did not state that the MRI report referred

to severe or marked spinal canal stenosis.[5] Pl.'s Brf. 14-15; AR 392. Instead, Plaintiff contends the ALJ referred only to the January 2013 CT scan with regard to the issue, which referred to moderate canal stenosis. Pl.'s Brf. 14-15; AR 395. This argument is a red herring. First, the ALJ stated that the MRI report showed "large recurrent disc herniation extruded below the L4-5 disc space." AR 15. The MRI report, in the same sentence, attributes severe central canal stenosis to the large disc herniation. AR 392. Further, it is clear from the decision that the ALJ explained how the MRI was inconsistent with Plaintiff's symptoms—he noted that after the January 2013 imaging study (the CT Scan), there was a gap in treatment records until August 2013. AR 20. Comparing two pieces of conflicting evidence is performing "the essential function of the credibility analysis." *Keyes-Zachary*, 695 F.3d at 1170 (where ALJ listed a factual assertion followed by a qualifying statement to indicate where testimony was limited by other evidence in the record); *see also Moua v. Colvin*, 541 F. App'x 794, 799-800 (10th Cir. 2013) (unpublished). As such, there was no error with regard to the MRI report.

### 5. Plaintiff's Pain

Plaintiff also argues that while the ALJ referenced his surgery, physical therapy, steroid injections, use of a cane, and use of narcotic analgesics, he improperly failed to explain how they impacted the validity of Plaintiff's reported symptoms. This argument falls flat because the ALJ specifically addressed such treatments, and discounted their impact on his symptoms by stating: "However, there is a gap in treatment records from the January 2013 imaging study to August

---

[5] The ALJ's description of the MRI and CT scan was part of the step-two analysis to determine if Plaintiff had a severe impairment. AR 15. Despite what Plaintiff describes as a less-than-complete description of the MRI, the ALJ found that his disorders of the lumbar spine, in conjunction with other issues, amounted to a severe physical impairment. *Id.* Plaintiff does not appeal the finding of a severe impairment, but instead contends that by not referencing the MRI's finding of severe canal stenosis, the ALJ failed to explain how the MRI (as objective medical evidence) was inconsistent with the Plaintiff's reported symptoms. Pl.'s Brf. 15.

2013." AR 20; *see Welch v. Colvin*, 566 F. App'x 691, 694 (10th Cir. 2014) (unpublished) (finding lack of treatment a "proper considerations as part of a credibility determination"); *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (finding credibility determination adequate where ALJ based decision, in part, on the lack of medical treatment). The ALJ also relied on evidence in discounting the impact of Plaintiff's various treatments by stating that Plaintiff had pain relief, improved symptoms on medication,[6] and five-out-of-five strength in his lower extremities. AR 20. Plaintiff's argument does not pass muster.

### 6. Prior Work History and Attempts to Work

Finally, Plaintiff alleges that the ALJ did not state how his consideration of Plaintiff's good work history and two attempts at returning to work as a truck driver impacted the overall finding regarding credibility. An ALJ is supposed to consider an individual's prior work record to determine the extent to which symptoms limit the capacity to work. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ included this factor in his analysis, AR 21, and "so long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, he need not make a formalistic factor-by-factor recitation of the evidence." *Keyes-Zachary* 695 F.3d at 1167. As such, there is no error with regard to the ALJ's comment regarding good work history.

With regard to the discussion regarding Plaintiff's attempts at returning to work, there is also no error. The sentence following the reference to Plaintiff's two attempts at returning to work as a truck driver (which constitutes medium work) states that Plaintiff cannot perform medium work. AR 21. Thus, it is clear to the undersigned that the impact of the failed work

---

[6] This fact also refutes Plaintiff's argument that the ALJ overlooked his assertion that medications failed to prevent him from experiencing an exacerbation of pain in 2013.

12

attempts led the ALJ to conclude Plaintiff can no longer perform that type of work. Therefore, there was no error in the ALJ's analysis.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by January 3, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 19th day of December, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE